# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER VAN HAUTER, | ) | CASE NO. 5:19-cv-1827 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| FIRST WATCH RESTAURANTS, INC. and | ) | |
| DAVE VANCE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the parties' Stipulated Motion to Stay Litigation Pending Arbitration. (Doc. No. 8 ("Stipulation" or "Stip.").) Prior to filing the Stipulation, defendants filed a Motion to Compel Arbitration and Dismiss Entire Action or, in the Alternative, Stay the Proceedings. (Doc. No. 5 ("MTD").) Plaintiff did not respond to the MTD prior to submitting the Stipulation. Further, defendants agreed to withdraw their MTD as a result of filing the Stipulation. (Stip. at 55.[1])

## I. BACKGROUND

Plaintiff, Christopher Van Hauter ("Van Hauter"), filed suit against his former employer, First Watch Restaurant, Inc. ("First Watch"), and Dave Vance ("Vance"), alleging disability discrimination under Ohio Rev. Code § 4112.01 *et seq.* and interference with Van Hauter's Family and Medical Leave Act ("FMLA") rights under 29 U.S.C. § 2601 *et seq.*

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

Van Hauter, who is diabetic, started working for First Watch in or around June 2016. (Doc. No. 1-1 ("Compl.") ¶¶ 10, 12) In June 2017, Van Hauter and First Watch executed an Employment Arbitration Agreement (the "Agreement"), agreeing to resolve "any dispute" between the parties through binding arbitration. (Doc. No. 5-2 (Agreement) at 49.) Van Hauter asserts that he initially worked as a line cook for First Watch, a position which did not trigger diabetes-related complications. (Compl. ¶¶ 11, 16.) First Watch eventually asked Van Hauter to wash dishes five days per week, a task which Van Hauter claims was "too much" for his diabetes. (*Id.* ¶¶ 17-19, 22, 27.) Van Hauter asserts that he missed work due to diabetic-complications related to washing dishes. (*Id.* ¶¶ 37–38). Van Hauter claims he was constructively discharged on or about December 31, 2017. (*Id.* ¶ 39.) Van Hauter brought suit against First Watch on July 1, 2019. Since filing this action, Van Hauter "has learned that an arbitration agreement exists[,]" and has agreed to arbitrate his claims. (Stip. at 55.)

## II. DISCUSSION

The parties have asked this Court to "stay litigation proceedings pending arbitration in this matter." (Stip. at 55.) The Federal Arbitration Act (the "Act") was intended to "promote arbitration to accord with the intention of the parties and to ease court congestion." *Galt v. Libbey-Owens-Ford Glass Co.*, 376 F.2d 711, 714 (7th Cir. 1967) Chapter 3 the "Act provides that

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been

> had in accordance with the terms of the agreement, providing the applicant
> for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Act "embodies 'the strong federal policy in favor of enforcing arbitration agreements.'" *Kaz Co., Inc. v. Esselte Corp.*, No. 5:05CV814, 2005 WL 3088563, at *4 (N.D. Ohio Nov. 17, 2005) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)); *see also Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008) ("The [Act] manifests a liberal federal policy favoring arbitration agreements.") (internal quotation marks omitted).

Before compelling arbitration, a court must "engage in a limited review to determine whether the dispute is arbitrable[.]" *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). Here, the Court is not compelling arbitration, as the parties have stipulated to arbitrate the dispute. Nonetheless, the Court will analyze the arbitrability of Van Hauter's claims to ensure proper adjudication of this matter.

To determine whether a dispute is arbitrable, the Court must first determine whether "a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the subjective scope of that agreement." *Id.* at 627 (quotation marks omitted). If any federal statutory claims are asserted, the court will consider whether Congress intended those claims to be non-arbitrable; and if the court concludes that some, but not all of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758, 764 (N.D. Ohio 2009).

### A. Validity of the Agreement

Neither party disputes the validity of the Agreement. In fact, Van Hauter acknowledges "that an arbitration agreement exists…." (*See* Stip. at 55.) Van Hauter consented to the Agreement and signed it electronically. (Agreement at 49.) Electronic signatures are valid under Ohio law. *See* Ohio Rev. Code § 1306.06(A) ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form."). Further, the Court has reviewed the Agreement and has no grounds to facially invalidate the contract.

### B. Scope of the Agreement

Next, the Court must determine the scope of the Agreement, that is, which of Van Hauter's claims are subject to the Agreement. Under the terms of the Agreement, the parties, "agree that *any dispute* arising between [the parties] … shall, as permitted by law, be resolved by binding arbitration…." (Agreement at 49.) (emphasis added). Further, Van Hauter agreed to arbitrate, "any and all claims or controversies … arising out of or relating to [his] application for employment, employment, and/or termination from employment … including any and all claims of employment discrimination, wrongful discharge … and claims arising under federal, state, or local law[]." (*Id.*) Such language indicates the parties' explicit intention to arbitrate. "When faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (emphasis in original). "[O]nly an express provision excluding a specific dispute, or the most forceful evidence of a purpose to

exclude the claim from arbitration, will remove the dispute from consideration by arbitrators." *Id.* (quoting *Masco*, 382 F.3d at 627).

Van Hauter's claims under Ohio Rev. Code § 4112.01 *et seq*. and 29 U.S.C. § 2601 *et seq*. stem from Van Hauter's employment with, and resignation from, First Watch. As such, the claims fall within the plain language of the Agreement and are, therefore, subject to resolution by binding arbitration. (*See* Agreement at 49) ("[A]ny and all claims … arising out of or relating to [Van Hauter's] … employment" shall be resolved by arbitration.). Van Hauter's claims are all subject to arbitration under the broad terms of the Agreement.

### C. Plaintiff's FMLA Claims are Arbitrable

Van Hauter's second cause of action is a federal statutory claim under the FMLA. "Employment-related statutory claims, such as FMLA claims, may be validly subject to an arbitration agreement enforceable under the FAA." *Morgan v. United Healthcare Servs., Inc.*, 1:12-cv-676-HJW, 2013 WL 1828940, at *4 (S.D. Ohio Apr. 30, 2013). Further, "there is no provision in the FMLA suggesting that agreements to arbitrate are unenforceable nor is there legislative history to support that contention." *Brinkerhoff v. Zachry Const. Corp.*, 2:04-CV-750, 2005 WL 1661693, at *6 (S.D. Ohio July 15, 2005).

### D. Whether to Stay or Dismiss

"If a plaintiff's cause of action is covered by an arbitration clause, the court must stay the proceedings until the arbitration process is complete." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005). "However, litigation in which all claims are referred to arbitration may be dismissed." *Hensel v. Cargill, Inc.*, 198 F.3d 245 (table),

1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999); *see also Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) ("[Plaintiff] challenges the dismissal of his suit, asserting that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them. We have already rejected that argument."); *Integrated Aircraft Sys., Inc. v. Porvair Filtration Grp., LTD.*, No. 5:12CV493, 2012 WL 3263516, at *1 (N.D. Ohio Aug. 9, 2012) ("In cases where all claims are referred to arbitration, the case may be dismissed rather than merely stayed"); *Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 729 (W.D. Ky. 2014) ("[B]ecause the Court is satisfied that all of the Plaintiffs' claims are subject to arbitration, it will dismiss this action, rather than stay these proceedings pending arbitration."). Where, as here, all claims fall within the scope of an arbitration agreement and "'there is nothing left for the district court to do but execute judgment,' dismissal of the case is appropriate." *Stachurski*, 642 F. Supp. 2d at 764 (quoting *Ewers v. Genuine Motor Cars, Inc.*, No. 1:07 CV 2799, 2008 WL 755268, at *7 (N.D. Ohio Mar. 19, 2008).

In determining whether to dismiss, the Court has reviewed the complaint and construed all facts and reasonable inferences that can be drawn therefrom in the light most favorable to Van Hauter. In so doing, the Court has determined that (1) the parties are subject to a valid arbitration agreement and (2) all Van Hauter's claims, including the FMLA claim, are subject to the Agreement. The parties have agreed that all issues raised must be submitted to arbitration. As such, the Court will dismiss, rather than stay, the case.

### III.     CONCLUSION

For all the reasons contained herein, the parties' Stipulated Motion to Stay is GRANTED, in part, in that the entire dispute is subject to arbitration. But since arbitration will resolve all outstanding issues in this suit, the case is DISMISSED without prejudice. The parties are hereby referred to arbitration for resolution of this dispute consistent with the provisions of the Agreement. Additionally, pursuant to the Stipulated Motion to Stay, defendants' pending Motion to Compel is withdrawn.

**IT IS SO ORDERED**.

Dated: October 4, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**